UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PHILLIP DAVID OLMSTEAD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:17-CV-406-TWP-HBG |
| | ) |
| DUSTIN BROWN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a complaint under 42 U.S.C. § 1983 [Doc. 2] and a one-paragraph letter titled "Motion to proceed *in forma pauperis*" [Doc. 1] filed pro se by Phillip David Olmstead. On July 9, 2018, the Court entered an Order advising Plaintiff that that his motion for leave to proceed *in forma pauperis* was deficient, as he had "provided neither the application to proceed *in forma pauperis* nor a certified copy of his inmate trust account for the previous six-month period." [Doc. 4 (citing 28 U.S.C. § 1915(a)(2))]. The Court advised Plaintiff that he "shall … pay the full filing fee or … submit the required documents" within thirty days from the date of the Court's Order. [*Id*. (emphasis original)]. The Court advised Plaintiff that, "if he fail[ed] to fully comply with this Order within the time required, the Court shall presume that Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b)." [*Id*.].

The Order and a form application for IFP status were mailed to Plaintiff at the address listed on his Complaint – that is, the Bledsoe County Correctional Complex. [*See* Docs. 2, 4]. That copy of the Court's Order was returned to sender, noting that Plaintiff had been released on parole [Doc. 5]. Although Plaintiff did not file a notice of change of address in this action, he did

so in another action that was pending before the Court at the time of his parole [*See* E.D. Tenn. Case No. 3:16-cv-684, Doc. 132]. Accordingly, on July 19, 2018, the Court sent the IFP form and a copy of its most recent Order to the Smithville, Tennessee mailing address that the Plaintiff had provided the Court with in his other lawsuit [*see* unnumbered docket entry dated July 19, 2018]. More than 30 days have now passed since the Court sent the IFP and Order to the Smithville address; the mailing has not been returned to the Court, but Plaintiff has not filed any response to the Court's Order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is, in fact, the fault of the Plaintiff. Subsequent to his release on parole, Plaintiff provided the Court with a timely notice of change of address and additionally communicated with the Court in another matter

that was then before the Court [*See* E.D. Tenn. Case No. 3:16-cv-684, Docs. 132, 133]. Despite the fact that Plaintiff did not file a notice of change of address in the instant matter, the Court gave Plaintiff an additional opportunity for compliance by sending the July 9, 2018 deficiency Order to the address that Plaintiff had just days before provided this Court in another matter. This second mailing was not returned to sender but Plaintiff filed no response to the Court's Order. The Court concludes that Petitioner's failure to respond may be willful (if he received the Order sent to his address and declined to respond), or it may be negligent (if he did not receive the Order because he failed to accurately or continually update his address and/or if he failed to monitor this action pursuant to Local Rule 83.13).[1] Either way, the fault lies with Petitioner, and the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal: since the Defendants have not yet been served or made to appear, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a

---

1 Pursuant to Local Rule 83.13,

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address.… The failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action.

E.D. Tenn. L.R. 83.13.

that was then before the Court [*See* E.D. Tenn. Case No. 3:16-cv-684, Docs. 132, 133]. Despite the fact that Plaintiff did not file a notice of change of address in the instant matter, the Court gave Plaintiff an additional opportunity for compliance by sending the July 9, 2018 deficiency Order to the address that Plaintiff had just days before provided this Court in another matter. This second mailing was not returned to sender but Plaintiff filed no response to the Court's Order. The Court concludes that Petitioner's failure to respond may be willful (if he received the Order sent to his address and declined to respond), or it may be negligent (if he did not receive the Order because he failed to accurately or continually update his address and/or if he failed to monitor this action pursuant to Local Rule 83.13).[1] Either way, the fault lies with Petitioner, and the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal: since the Defendants have not yet been served or made to appear, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a

---

1 Pursuant to Local Rule 83.13,

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address.… The failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action.

E.D. Tenn. L.R. 83.13.

monetary fine.  The Court does not believe that dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance.  The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, Plaintiff is **ASSESSED** the full filing fee of $400.00, and this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24.  Accordingly, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**IT IS SO ORDERED.**

**E N T E R :**

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE